UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NATIONAL RAILROAD**
**PASSENGER CORPORATION**
**(AMTRAK),**

        **Plaintiff,**

v.                                                                                  Case No. 6:25-cv-1609-CEM-NWH

**JOHN COBB,**

        **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion," Doc. 2). For the reasons set forth below, the Motion will be denied to the extent it seeks a temporary restraining order ("TRO") and will be deferred to the extent it seeks a preliminary injunction.

### I. BACKGROUND[1]

Defendant is employed by Plaintiff. (Compl., Doc. 1, at 2). Both the Complaint and the Motion are silent on the capacity in which Defendant works. To resolve an ongoing dispute between the parties, they signed a Settlement Agreement

---

[1] The facts set forth herein are taken from the verified Complaint, (*see* Doc. 1 at 7), and are accepted as true for purposes of this Order only.

(Doc. 1-1), which included an agreement that Defendant would "not attempt to return to work at any place in any manner for [Plaintiff]." (Doc. 1-1 at 4). Plaintiff provides only vague information about the underlying dispute, indicating that Defendant suffered some sort of injury. (Doc. 1 at 4). Now, Defendant has apparently returned to work in contradiction of the Settlement Agreement. (*Id.* at 3). Plaintiff seeks, among other things, a TRO prohibiting Defendant from working for Plaintiff in any manner.

## II.  LEGAL STANDARD[2]

Pursuant to Federal Rule of Civil Procedure 65(b), a district court may issue a temporary restraining order "without written or oral notice to the adverse party" if the requesting party provides "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The movant must certify in writing "the reasons why [notice] should not be required," Fed. R. Civ. P. 65(b)(1)(B). Additionally, to obtain such emergency, *ex parte* relief, the movant must establish: "(1) the likelihood

---

[2] Plaintiff cites authority from the D.C. Circuit for the TRO standard, presumably because the Settlement Agreement contains a choice of law clause designating D.C. law. However, "[f]ederal procedure governs whether a preliminary injunction is appropriate in this case." *Boardwalk Bros., Inc. v. Satz*, 949 F. Supp. 2d 1221, 1223–24 (S.D. Fla. 2013) (citing *Ferrero v. Associated Materials Inc.*, 923 F.2d 1441, 1448 (11th Cir. 1991)). Therefore, this Court applies Eleventh Circuit law as to the elements of obtaining a TRO.

that the movant ultimately will prevail on the merits of the claim, (2) the irreparable nature of the threatened injury and the reason that notice is impractical, (3) the harm that might result absent a restraining order, and (4) the nature and extent of any public interest affected." M.D. Fla. R. 6.01(b)(1)–(4).

### III.   ANALYSIS

Plaintiff has not met its burden to obtain the extraordinary remedy of an *ex parte* TRO. Namely, Plaintiff has failed to explain how irreparable harm will occur before providing notice and an opportunity for Defendant to be heard. The only statements in this vein are that notice would be "impractical because [Defendant] is presently 'actively working'" and that Defendant's "return to work despite his ongoing medical impairments creates imminent and irreparable harm by exposing [Defendant], [Plaintiff], its employees and customers to serious safety hazards, liability, and operational disruption—harms that cannot be remedied by money damages." (Doc. 2 at 7). Plaintiff fails to elaborate on these statements. It is unclear why Defendant working makes it impractical to notify him and give him an opportunity to respond.

Plaintiff has also failed to explain how Defendant is employed, what his purported impairments are, and how such impairments could cause harm if Plaintiff were permitted to continue working. Plaintiff merely provided an email indicating that, as of January 2025, Defendant was suffering from some kind of injury to his

leg and that he was scheduling an assessment as to whether Defendant would have a permanent disability. (Jan. 16, 2025 Email, Doc. 1-3, at 3). There is no information regarding whether Defendant is still suffering from such injury or how that injury would impair Defendant in such a manner as to cause irreparable injury to Defendant. Moreover, Plaintiff is Defendant's employer. Plaintiff has not explained why it does not have the ability to prevent Defendant from working. Plaintiff has simply failed to reach the high bar needed for the issuance of an *ex parte* TRO.

Plaintiff also requests that the Court expedite the trial in this case and combine it with a preliminary injunction hearing. The Court declines to combine a final trial in this matter in such a manner, but it will expedite a preliminary injunction hearing.

## IV.  CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **DENIED in part** and **DEFERRED in part**.

    a. Insofar as the Motion seeks issuance of a TRO and combining the trial in this matter with the preliminary injunction hearing, it is **DENIED**.

    b. Ruling on the Motion is otherwise **DEFERRED**.

2. **On or before August 29, 2025**, Plaintiff shall serve Defendant with the Complaint (Doc. 1), the Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2), and this Order.

3. **On or before September 5, 2025**, Defendant shall respond to the matters remaining for adjudication in the Emergency Motion for Temporary Restraining Order and Preliminary Injunction.

4. This matter is set for an evidentiary hearing on **Thursday, September 11, 2025, at 2:00 PM** in Courtroom 5B, George C. Young United States Courthouse Annex, 401 W. Central Boulevard, Orlando, Florida.

**DONE** and **ORDERED** in Orlando, Florida on August 22, 2025.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record